NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES V. FARNSWORTH, | No. 23-35253 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-05007-MJP |
| v. | |
| TEDDI ARMSTRONG; JACKIE BRENNAN; BRUCE C. GAGE, Doctor; WASHINGTON STATE DEPARTMENT OF CORRECTIONS; FIVE UNKNOWN HEALTH CARE PROVIDERS, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted September 17, 2024**

Before:    WARDLAW, BADE, and H.A. THOMAS, Circuit Judges.

Washington state prisoner Charles V. Farnsworth appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

_____

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

deliberate indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013).  We affirm.

The district court properly granted summary judgment to defendant Nee on the basis of qualified immunity because Farnsworth failed to show that Nee violated any clearly established constitutional right in treating Farnsworth.  *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) ("Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right."); *Foster v. Runnels*, 554 F.3d 807, 815 (9th Cir. 2009) ("A right is 'clearly established' when its contours are sufficiently defined, such that 'a reasonable official would understand that what he is doing violates that right.'" (quoting *Wilson v. Layne*, 526 U.S. 603, 615 (1999))).

The district court did not abuse its discretion in denying Farnsworth's requests to join additional defendants or amend his complaint to add the new defendants because Farnsworth failed to show that the proposed defendants were necessary parties or that amendment would not be futile.  *See* Fed. R. Civ. P. 19 (setting forth requirements for joinder of parties); *Deschutes River All. v. Portland Gen. Elec. Co.*, 1 F.4th 1153, 1158 (9th Cir. 2021) (setting forth standard of review for Rule 19 determinations); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining

that leave to amend may be denied when amendment would be futile).

Farnsworth's request that the reply brief be considered by the court prior to its disposition (Docket Entry No. 15) is granted.

**AFFIRMED.**